Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE PONCE
PANEL X

| | | |
|---|---|---|
| JORGE POMALES OFRAY <br><br> Recurrente <br><br><br> V. <br><br><br> DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN <br><br> Recurrido | KLRA202300600 | *Revisión de Decisión Administrativa* procedente del Departamento de Corrección y Rehabilitación <br><br><br> Sobre: Violación de Derecho |

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 19 de diciembre de 2023.

El 16 de noviembre de 2023, el señor Jorge Pomales Ofray (en adelante, señor Pomales Ofray o parte recurrente), compareció por derecho propio, de forma *pauperis*, ante este Tribunal de Apelaciones mediante recurso de revisión administrativa. Cabe destacar que, la parte recurrente no especifica de qué recurre, ni hace señalamiento de error alguno.

Por los motivos que a continuación se exponen, se desestima el recurso de epígrafe por falta de jurisdicción.

## I

En su escrito, la parte recurrente relata múltiples ocasiones donde solicitó bonificaciones para la sentencia que se encuentra cumpliendo en la institución carcelaria de Ponce. Arguye que, ha solicitado tales bonificaciones a diferentes personas, pero que estas gestiones han sido infructuosas. En su recurso, alegó que, el

Número Identificador

SEN2023 _____

Departamento de Corrección y Rehabilitación (en adelante, parte recurrida o DCR) le ha violado los derechos.

Es menester resaltar que, la parte recurrente no especifica si recurre de alguna resolución emitida por el DCR, así como tampoco hace una relación concisa de los hechos que propiciaron el recurso de epígrafe, no realizó ningún señalamiento de error, ni expuso derecho alguno. Asimismo, tampoco incluyó un apéndice con los documentos relevantes para resolver el recurso de epígrafe.

Por no entender necesaria la comparecencia de la parte recurrida, prescindimos de esta.[1]

**II**

### A. *Jurisdicción*

Nuestro Tribunal Supremo, ha definido la jurisdicción como el poder que ostentan los tribunales para considerar y decidir los casos y las controversias que sean presentados a su atención. *Beltrán Cintrón v. ELA*, 204 DPR 89 (2020), *Torres Alvarado v Madera Atiles*, 202 DPR 495 (2019); *SLG Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011). Es normativa reiterada que, los tribunales debemos ser celosos guardianes de nuestra jurisdicción, es por lo que, los asuntos relativos a la jurisdicción son privilegiados y deben ser atendidos con prontitud. *Báez Figueroa v. Adm. Corrección*, 209 DPR 288, 298 (2022); *Torres Alvarado v Madera Atiles*, supra, pág. 500; *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009). La ausencia de jurisdicción puede ser levantada *motu proprio*, ya que, esta incide de forma directa sobre el poder del tribunal para adjudicar una controversia. *Allied Management Group, Inc. v Oriental Bank*, 204 DPR 374 (2020); *Torres Alvarado v Madera*

---

[1] En virtud de la Regla 7 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R.7, este tribunal tiene la facultad para prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de disponer el recurso de manera eficiente.

*Atiles,* supra, pág. 500; *Ruiz Camilo v. Trafon Group Inc.,* 200 DPR 254, 268 (2018); *Suffront v. AAA,* 164 DPR 663, 674 (2005).

Por consiguiente, un tribunal no tiene discreción para asumir jurisdicción donde no la hay, si carece de jurisdicción, deberá así declararlo y desestimar la reclamación sin entrar en sus méritos, pues la falta de jurisdicción no es susceptible de ser subsanada. *Íd.*; *Autoridad para el Financiamiento de la Infraestructura de Puerto Rico v. Carrión Marrero,* 209 DPR 1 (2022). *Mun. De San Sebastián v. QMC Telecom,* 190 DPR 652, 600 (2014); *Suffront v. AAA,* supra, pág. 674.

## B. Perfeccionamiento de Recursos

Como norma general, el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. *Cárdenas Maxán v. Rodríguez,* 119 DPR 642, 659 (1987). Es por lo que, las normas que rigen el perfeccionamiento de los recursos deben observarse rigurosamente. *Rojas v. Axtmayer Ent., Inc.,* 150 DPR 560, 564 (2000); *Hernández Maldonado v. Taco Maker,* 181 DPR 281, 290 (2011); *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90 (2013). El incumplimiento con las disposiciones reglamentarias sobre forma, contenido y presentación de los recursos apelativos pudiera tener como consecuencia la desestimación de estos. *Pueblo v. Valentín Rivera,* 197 DPR 636, 641 (2017). Esta norma es necesaria para que se coloque a los tribunales apelativos en posición de decidir correctamente los casos, contando con un expediente completo y claro de la controversia que tienen ante sí. Nuestra Máxima Curia ha requerido un cumplimiento fiel y estricto con las disposiciones reglamentarias, tanto de nuestro Tribunal Supremo como de este Tribunal de Apelaciones. *Hernández Maldonado v. Taco Maker,* supra, pág. 290; *Arraiga v. FSE,* 145 DPR 122, 130 (1998).

En lo pertinente, respecto a los requisitos de contenido necesarios para el perfeccionamiento de un recurso de revisión de

decisiones administrativas, la Regla 59 del Reglamento de este Tribunal, dispone lo siguiente:

*Regla 59 – Contenido del recurso de revisión*

(C)   Cuerpo

(1) Todo recurso de revisión tendrá numeradas, en el orden aquí dispuesto, las partes siguientes:

(a) [...]

(b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal.

(c) Una referencia a la decisión, reglamento o providencia administrativa objeto del recurso de revisión, la cual incluirá el nombre y el número del caso administrativo, el organismo o la agencia o funcionario o funcionaria que la dictó, la Región Judicial correspondiente, la fecha en que fue dictada y la fecha en que se archivó en autos copia de su notificación a las partes. También, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar el recurso de revisión. Además, se especificará cualquier otro recurso sobre el mismo caso o asunto que esté pendiente ante el Tribunal de Apelaciones o ante el Tribunal Supremo a la fecha de presentación.

(d) Una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso.

(e) Un señalamiento breve y conciso de los errores que a juicio de la parte recurrente cometió el organismo, agencia o funcionario recurrido o funcionaria recurrida.

(f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables.

(g) La súplica.

[...]

En cuanto al apéndice, la misma regla dispone lo siguiente:

(E)   Apéndice

(1) El recurso de revisión incluirá un Apéndice que contendrá una copia literal de:

(a) Las alegaciones de las partes ante la agencia, a saber, la solicitud original, la querella o la apelación y las contestaciones a las anteriores hechas por las demás partes.

(b)   [...]

(c) La orden, resolución o providencia administrativa objeto del recurso de revisión que se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, cuando procedieren.

(d) Toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión.

(e) Toda resolución u orden, y toda moción o escrito de cualquiera de las partes que forme parte del expediente original administrativo, en los cuales se discuta expresamente cualquier asunto planteado en el recurso de revisión o que sean relevantes a ésta.

(f) Cualquier otro documento que forme parte del expediente original en la Agencia y que pueda ser útil al Tribunal de Apelaciones en la resolución de la controversia.

(g) [...]. 4 LPRA Ap. XXII-B, R. 59.

Conforme ha resuelto el Alto Foro, la parte que comparece ante el Tribunal de Apelaciones, tiene la obligación de perfeccionar su recurso según lo exige el Reglamento del Tribunal de Apelaciones, para así colocar al foro apelativo en posición de poder revisar al tribunal de instancia. *Morán v. Marti*, 165 DPR 356, 367 (2005).

Cónsono con lo anterior, el Tribunal Supremo en *Hernández Jiménez v. AEE*, 194 DPR 378 (2015), expresó que:

Todo ciudadano tiene un derecho estatutario a que un tribunal de superior jerarquía revise los dictámenes emitidos por los tribunales inferiores. Ahora bien, ese derecho queda condicionado a que las partes observen rigurosamente el cumplimiento de las disposiciones reglamentarias establecidas por nuestro ordenamiento jurídico sobre la forma, contenido, presentación y notificación de los recursos, incluyendo lo dispuesto en los Reglamentos del Tribunal de Apelaciones y del Tribunal Supremo.

Esbozada la normativa jurídica, procedemos a aplicarla.

**III**

Como tribunal apelativo, en primer lugar, estamos obligados a examinar si ostentamos jurisdicción para atender el recurso presentado. Veamos.

El 16 de noviembre de 2023, el señor Pomales Ofray ante nos mediante recurso administrativo, no obstante, este no cumplió con las formalidades sobre perfeccionamiento de recursos administrativos que el Reglamento de este Tribunal de Apelaciones exige. Lo anterior, en la medida en que, no incluyó una referencia a la decisión del ente administrativo sobre el que recurre. En su recurso, tampoco realizó una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso, así como un señalamiento y discusión de los errores, que a su juicio, la parte recurrida cometió.[2]

De igual manera, la parte recurrente no acompañó un apéndice con documentos pertinentes que nos coloquen en posición de resolver el recurso de epígrafe.[3]

Es normativa reiterada que, las normas que rigen el perfeccionamiento de los recursos apelativos deberán observarse rigurosamente.[4] El incumplimiento con las disposiciones sobre forma, contenido y presentación de los recursos apelativos puede conllevar la desestimación de estos.[5]

Ante el incumplimiento de la parte recurrente con las disposiciones reglamentarias, procedemos a desestimar el recurso de revisión administrativa.

**IV**

Por los fundamentos que anteceden, se desestima el recurso de epígrafe por falta de jurisdicción.

Notifíquese a las partes, al Procurador General y al Secretario del Departamento de Corrección y Rehabilitación. El Administrador de Corrección deberá entregar copia de esta *Sentencia* al confinado, en cualquier institución donde este se encuentre.

---

[2] 4 LPRA Ap. XXII-B, R.59 (C).
[3] 4 LPRA Ap. XXII-B, R.59 (E).
[4] *Rojas v. Axtmayer Ent., Inc.*, supra, pág. 564; *Hernández Maldonado v. Taco Maker*, supra, pág. 290; *Soto Pino v. Uno Radio Group*, supra, pág. 90.
[5] *Pueblo v. Valentín Rivera*, supra, pág. 641.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones